UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| WARREN THOMAS<br>1221 M St, N.W., Apt. 514<br>Washington, D.C. 20005 | *<br><br>* |
| Plaintiff | * |
| v. | *   Case No. _____ |
| THE UNITED STATES OF AMERICA<br>Serve:<br>The Hon. Merrick B. Garland<br>Attorney General<br>U.S. Department of Justice<br>950 Pennsylvania Ave., N.W.<br>Washington, D.C. 20530 | *<br><br>*<br><br>*<br><br>* |
| Also Serve:<br>Matthew M. Graves<br>United States Attorney<br>555 4th St., N.W.<br>Washington, D.C. 20530 | *<br><br>*<br><br>* |
| Defendant | * |

## COMPLAINT
(Negligence – Motor Vehicle – Federal Tort Claims Act)

Plaintiff Warren Thomas, by and through undersigned counsel, brings this civil action against Defendant The United States of America and for his cause of action states as follows:

**Jurisdiction and Venue**

1. This action is brought pursuant to Federal Tort Claims Act, 28 U.C.S. § 2671.

2. Jurisdiction over this case is conferred by 28 U.S.C. § 1346.

3. Venue is properly within this district pursuant to 28 U.S.C. § 1391 as the acts complained of occurred in the District of Columbia.

4. On May 14, 2019, Plaintiff submitted an Administrative Claim for the claim set forth below to the U.S. Marshalls Service and the Assistant Attorney General of the Civil Division.

5. Six months having elapsed, all conditions precedent to a Federal Tort Claim Act have been met.

## Parties

6. Plaintiff is an individual citizen of the District of Columbia, residing at the address shown for him in the caption of this Complaint.

7. Defendant The United States of America ("United States") is amenable under U.S.C. § 2679(b) to suit for damages arising from the negligent operation of a vehicle by one of its employees within the scope of his/her employment.

## Factual Allegations

8. At approximately 10:30 a.m. on March 13, 2019, Plaintiff was operating a motor vehicle traveling westbound on H Street N.E.

9. At the same time and place, Mark McNeil Beard, an employee of Defendant United States acting pursuant to and within the scope of his employment, was operating a U.S. Marshalls Service vehicle traveling westbound on H Street N.E.

10. At the same place and time, Mark McNeil Beard owed to Plaintiff a duty to remain safely in his lane until it was safe for him to proceed to change lanes.

11. At the same place and time, Mark McNeil Beard breached his duty to Plaintiff by changing lanes suddenly and without warning, striking the rear left corner of Plaintiff's vehicle. This breach of duty constituted negligence, for the proximate consequences of which Defendant United States is liable.

12. At that time, it was the duty of Defendant to operate his motor vehicle in a careful and prudent manner for the conditions then existing.  This duty included, but was not limited to, dedicating full time and attention to the operation of his motor vehicle, keeping a proper lookout for other vehicles lawfully on or about the roadway, changing lanes only when it was safe to do so, refraining from striking other vehicles lawfully on or about the roadway, operating his vehicle at the posted speed limit, and otherwise obeying the vehicular laws of the District of Columbia.

13. The accident was caused by Defendant's failure to pay full time and attention to the operation of his vehicle, keep a proper lookout for other vehicles lawfully on or about the roadway, change lanes only when it was safe to do so, avoid striking other vehicles lawfully on or about the roadway, operate his vehicle at the posted speed limit, and her failure to otherwise obey the vehicular laws of the District of Columbia.

14. Plaintiff did not contribute to the happening of the accident nor did Plaintiff assume the risk of injuries sustained

15. As a direct and proximate result of Mark McNeil Beard's negligence, as aforesaid, Plaintiff was caused to suffer serious and painful injuries, some of which are permanent in nature.  Plaintiff has also suffered and will continue to suffer from anxiety and post-traumatic stress as well as great pain of body and mind; has incurred and will continue to incur medical and out-of-pocket expenses; has lost and will continue to lose time and wages from employment; and has and will be otherwise damaged in the future.

16. As required by 28 U.S.C. § 2675, Plaintiff has exhausted his administrative remedies against the Defendant United States.

WHEREFORE, Plaintiff Warren Thomas demands judgment in his favor and against the Defendant The United States of America in the amount of ONE HUNDRED AND TWENTY THOUSAND DOLLARS ($120,000.00), plus interest, costs and such other and further relief as this Court deems proper.

        Respectfully submitted

        ROSENBERG & FAYNE, LLP

By:   /s/ Eric F. Rosenberg
      Eric F. Rosenberg, Bar #446215
      Attorney for the Plaintiff
      5400 Kenilworth Avenue
      Riverdale Park, Maryland 20737
      Phone: (301) 864-2900
      Fax: (301) 864-2903
      erosenberg@rosenberg-fayne.com